UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE N. ROBINSON, | ) | CASE NO. 1:19-cv-3003 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | |
| LAKE ERIE CORR. INST., *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Jackie Robinson ("plaintiff") filed this action under 42 U.S.C. §1983 against the Lake Erie Correctional Institution and its warden, D. Fender. In the complaint, plaintiff lists ten conditions of confinement to which he objects: (1) a staff member used excessive force against him on July 14, 2019; (2) food trays are not properly sanitized; (3) inmates can get food poisoning from staff fund raisers; (4) black mold can be found in showers and dorms; (5) windows are welded shut; (6) dorms are overcrowded; (7) there is one fire exit in the dorm; (8) fire equipment is outdated; (9) staff members observe inmate altercations and do not respond; (10) staff members are not in shape to defend or protect prisoners. He asserts that he suffers from racial discrimination. He seeks injunctive relief. (Doc. No. 1.)

Plaintiff filed an Application to Proceed *In Forma Pauperis* (*Id.* at 1.). For the reasons stated below, that application is denied.

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of

poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the complaint. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id*. Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three-strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." "The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). For purposes of determining whether a pleading satisfies this exception, the Court considers whether the plaintiff is in imminent danger at the time of the filing of the complaint. *Id.* (noting that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing").

2

Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, "[a]ssertions that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012).

Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g). *See Robinson v. Ohio Adult Parole Auth.*, No. 1:18-cv-1025 (N.D. Ohio July 26, 2018) (Boyko, J.); *Robinson v. Adams*, No. 1:18-cv-2166 (N.D. Ohio Jan. 23, 2019) (Oliver, J.); *Robinson v. Breaux*, No. 5:18-cv-1098 (Sept. 24, 2018) (Lioi, J). This Court therefore must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time his complaint was filed.

Upon careful review of the complaint, the Court finds there are no allegations suggesting plaintiff is in imminent danger of serious physical injury. Plaintiff lists some general objections to conditions of confinement and describes incidents that have occurred in the past. There is no suggestion in the complaint that plaintiff faces imminent peril as a result of the warden's actions. Accordingly, the Court finds the "imminent danger" exception to § 1915(g) does not apply.

For all the foregoing reasons, plaintiff's Application to Proceed *In Form Pauperis* (Doc. No. 1) is denied pursuant to 28 U.S.C. § 1915(g) and this action is dismissed. Pursuant to 28 U.S.C.

§ 1915(a)(3), an appeal from this decision could not be taken in good faith. Plaintiff can reopen this case within thirty (30) days of the date of this order by first paying the full filing fee of $400.00 and then filing a motion to reopen the case. The Clerk is instructed to return, unfiled, any motion or document submitted prior to payment of the full filing fee.

    **IT IS SO ORDERED**.

Dated: July 28, 2020

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**